### In re KRALL.

(District Court, D. Connecticut. October 24, 1910.)

#### No. 2,332.

1. BANKRUPTCY (§ 136*)—CONCEALMENT OF GOODS—SURRENDER—ORDER.
   To warrant a referee's order directing a bankrupt to surrender goods or money alleged to have been withheld, the referee must be satisfied and reasonably sure that the goods or the money at the time of the hearing were in the possession of the bankrupt or under his control.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

2. BANKRUPTCY (§ 136*)—WITHHELD ASSETS—SURRENDER—FINDINGS.
   Evidence *held* to support a referee's finding that a bankrupt had in his possession concealed goods of the value of $5,000, or the proceeds thereof, and was bound to deliver the goods or the money to his trustee.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

In the matter of Morris Krall, bankrupt. On certificate of referee, filed in response to the bankrupt's petition for review of an order directing that the bankrupt surrender to the trustee goods of the value of $5,000 or that amount in money. Order affirmed.

David Strouse, for trustee.
Slade & Slade, for bankrupt.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

PLATT, District Judge. The certificate discloses that, after a full hearing of the trustee and bankrupt upon the trustee's petition, the referee found that the bankrupt had in his possession, or under his control, either merchandise to the value of $5,000 or the value thereof in money, belonging to the estate, which ought to be delivered to the trustee, and therefore ordered:

"That the bankrupt, on or before the 15th day of August, 1910, deliver to Thomas S. Gilson, as trustee in bankruptcy of the estate of Morris Krall, of New Haven, bankrupt, merchandise to the amount—cost value—of five thousand dollars ($5,000) or five thousand dollars ($5,000) in money."

To warrant such an order the referee must have been satisfied and reasonably sure that the goods, or the money which the goods brought, were, at the time of the hearing, in the possession or under the control of the bankrupt. The position which the referee adopted is a common-sense one, because it would be idle to order the bankrupt to turn over goods or money to the trustee, unless he had the physical ability to comply with the order.

In his certificate the referee says, not only that he was sure and certain, but that he was satisfied beyond a reasonable doubt, that the bankrupt was able to comply with his order, and sets forth facts which were presented before him, which, he says, substantiate the validity of his finding. It is the duty of the court to accept his final conclusion, unless an inspection of the subordinate facts upon which he bases it shows plainly that he has failed in his logical analysis. He saw the witnesses, and the court did not. He was in a position to gather into his mental equipment any taint of fraud and chicanery which might be hovering about the courtroom during the hearing, which was substantiated by the words or manner of the bankrupt or other witnesses. His error must have been glaring indeed to demand a reversal upon his conclusions of fact.

The agonized interest displayed by counsel in this case has induced me to depart from a long since established rule, and to give my attention to the transcript of the actual testimony presented to the referee. After reading it with care, I am bound to say that I should have reached the same conclusion that he did. The bankrupt had within his control, shortly prior to adjudication, a very large stock of goods, for which he had paid practically nothing. He turned over to his trustee an insignificant proportion of that stock. It was his duty to explain what he had done with the balance. He spent much time telling about it, but his explanation does not explain. The referee has given him the benefit of the doubt in every instance, and yet, with everything resolved in his favor, and after giving him the maximum of credit for even his uncertain guesses, the referee is satisfied that he still controls a greater amount of goods or money than that which he has been ordered to transfer. The referee is *sure* that the bankrupt now controls all that he is ordered to deliver, and *suspects* that he controls much more. Counsel for the bankrupt tries to broaden the suspicion which the referee suggests, so that it may apply to the entire amount in controversy; but I cannot so read the certificate or the facts.

The reversal of his ruling would, to my mind, lead directly to a subversion of justice. His order is affirmed.